**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Rose Ziemba, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  12 C 7939 |
| Computer Credit, Inc., a North Carolina corporation, and Rush University Medical Center, an Illinois not-for-profit corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Rose Ziemba, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and were an act of consumer fraud, and to recover damages for Defendants' violations of the law, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331 over the FDCPA claim, and supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the consumer fraud claim.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff and Defendants reside here; and, c) Defendants transact business here.

## PARTIES

3. Plaintiff, Rose Ziemba ("Ziemba"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a

delinquent consumer debt allegedly owed to Rush University Medical Center.

4. Defendant, Computer Credit, Inc. ("Computer Credit"), is a North Carolina corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Computer Credit was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5 Defendant Rush University Medical center is an Illinois not-for-profit corporation that is headquartered in Chicago, Illinois.

6. Defendants are each authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, both Defendants conduct extensive and substantial business in Illinois.

7. Defendant Computer Credit is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation attached as Exhibit B. In fact, Defendant Computer Credit acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

8. On July 26, 2012, Ms. Ziemba and her husband filed a Chapter 13 bankruptcy petition in a matter styled In re: Ziemba, N.D. Ill. Bankr. No. 12-29496. Among the debts listed on Schedule F of Ms. Ziemba's bankruptcy petition was a debt she allegedly owed to Rush University Medical Center, see, excerpt of bankruptcy petition attached as Exhibit C.

9. Accordingly, on July 29, 2012, Defendant Rush was sent, via U.S. Mail,

notice of the bankruptcy by the court, <u>see</u>, the Certificate of Service to the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines, which is attached as Exhibit <u>D</u>.

10. Nonetheless, on September 5, 2012, Defendant Rush sent Ms. Ziemba a letter demanding payment of the debt. A copy of this letter is attached as Exhibit <u>E</u>.

11. Accordingly, on September 11, 2012, Ms. Ziemba's bankruptcy attorney sent Defendant Rush a letter, reminding it of Ms. Ziemba's bankruptcy and demanding that it cease collection of the debt. A copy of this e-mail is attached as Exhibit <u>F</u>.

12. Moreover, Ms. Ziemba's attorney also sent Defendant Rush a letter reminding it of Ms. Ziemba's bankruptcy and demanding that it cease collection of the debt. A copy of this letter is attached as Exhibit <u>G</u>.

13. Undeterred, Defendant Rush then had Defendant Computer Credit send Ms. Ziemba a collection letter, dated September 18, 2012, demanding payment of the debt she had owed prior to the bankruptcy. A copy of this collection letter is attached as Exhibit <u>H</u>.

14. All of Defendants' collection actions at issue in this matter occurred within one year of the date of this Complaint.

15. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. <u>See</u>, <u>Gammon v. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Not Owed

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

18. Demanding payment of a debt that is subject to a bankruptcy is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA. See, Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

19. Defendant Computer Credit's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

20. Plaintiff adopts and realleges ¶¶ 1-15.

21. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

22. Here, the bankruptcy, the notice issued by that court, and the e-mail and letter sent by Ms. Ziemba's bankruptcy attorney gave notice to cease communications and cease collections. By continuing to communicate regarding this debt and demanding payment, Defendant Computer Credit violated § 1692c(c) of the FDCPA.

23. Defendant Computer Credit's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys'

4

fees.  See, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692c(a)(2) Of The FDCPA –
### Communicating With A Consumer Represented By Counsel

24. Plaintiff adopts and realleges ¶¶ 1-15.

25. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

26. Defendants were given notice that Plaintiff was represented by an attorney in connection with this debt.  Plaintiff's bankruptcy was a matter of public record in the files of the bankruptcy court, was listed on her credit report, and was evident in Defendant Rush's files, and thus, Defendant Computer Credit should have been aware of Plaintiff's bankruptcy before it sent the collection letter.

27. By sending a debt collection letter directly to Ms. Ziemba, despite notice that she was represented by bankruptcy counsel in connection with this debt, Defendant Computer Credit violated § 1692c(a)(2) of the FDCPA.

28. Defendant Computer Credit's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.  § 1692k.

## COUNT IV
### Violation of the Illinois Consumer Fraud
### and Deceptive Business Practices Act 815 ILCS 505/2

29. Plaintiff adopts and realleges ¶¶ 1-15.

30. The Illinois Consumer Fraud and Deceptive Business Practices Act

5

("CFA") prohibits a person from making false or misleading misrepresentations or omissions. The CFA also prohibits unfair business practices.

31. Defendant Rush falsely and repeatedly claimed that Plaintiff directly owed it money and Defendant Computer Credit repeated and perpetuated this claim -- wrongfully subjecting her to collection action and forcing her to have her attorney do additional work.

32. Defendants' collection actions are oppressive and against public policy. Moreover, it is improper for Defendant Rush to have Defendant Computer Credit violate the FDCPA.

33. Defendants are liable to Plaintiff for Plaintiff's attorneys' fees incurred in defending their collection actions and for the emotional distress their actions have inflicted upon her.

34. Defendants are liable for attorneys' fees and costs under the CFA.

35. Defendants' intentional and reckless conduct also renders them liable for actual and punitive damages.

## PRAYER FOR RELIEF

Plaintiff, Rose Ziemba, prays that this Court:

1. Find that Defendant Computer Credit's debt collection actions violated the FDCPA and that both Defendants' actions were an act of consumer fraud;

2. Enter judgment in favor of Plaintiff Ziemba, and against Defendants, for actual, statutory and punitive damages;

3. Award Plaintiff her costs and reasonable attorneys' fees; and,

4. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Rose Ziemba, demands trial by jury.

                Rose Ziemba,

                By:/s/ David J. Philipps___
                One of Plaintiff's Attorneys

Dated: October 3, 2012

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com